```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

DANIELLE AND GREGORY ROBERTS              CIVIL ACTION

VERSUS                                    NO: 10-3384

SOUTHERN FIDELITY INSURANCE               SECTION: "J"(5)
COMPANY
```

## ORDER AND REASONS

Before the Court are Plaintiffs' **Motion to Remand (Rec. Doc. 8)** and Defendant's **Memorandum in Opposition (Rec. Doc. 10).**

### PROCEDURAL HISTORY AND BACKGROUND FACTS

This case arises out of an insurance claim for property damage related to Hurricane Gustav. On August 31, 2010, Plaintiffs filed suit against Defendant for September 1, 2008, Hurricane Gustav damages to their New Orleans property located at 1629 Westminster Boulevard, Marrero, Louisiana. On October 8, 2010, Defendant removed the case to this Court, asserting that federal jurisdiction was based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiffs now file the instant Motion to Remand (Rec. Doc. 8) and allege that their claim does not meet the jurisdictional amount in controversy of more than $75,000 that is required for diversity jurisdiction. 28 U.S.C. § 1332 (2010).

### THE PARTIES' ARGUMENTS

In their Motion to Remand (Rec. Doc. 8), Plaintiffs argue

that the amount in controversy is not, and has never been, in excess of the jurisdictional limit of $75,000. Plaintiffs include a "Binding Stipulation as to Amount in Controversy" (Rec. Doc. 8, Exhibit 1) with their motion, in which they stipulate as follows: (1) the total sum or value in controversy does not exceed $75,000, including all penalties and attorneys' fees; (2) the total damages sought by Plaintiffs do not exceed $75,000, including all penalties and attorneys' fees; (3) neither Plaintiffs nor their attorney will accept judgment in an amount that exceeds $75,000, including all penalties and attorneys' fees; (4) neither Plaintiffs nor their attorney will amend the petition after one year to plead an amount in controversy in excess of $75,000, including all penalties and attorneys' fees; (5) neither Plaintiffs nor their attorney will authorize anyone to make such an amendment; (6) Plaintiffs and their attorney understand and agree that Plaintiffs' recovery is limited to an amount less than $75,000, including all penalties and attorneys' fees; and (7) Plaintiffs waive, relinquish, and renounce their entitlement to any damages, including penalties and attorneys' fees, in excess of $75,000 and further renounce their right to enforce any judgment in the matter to the extent that the judgment is for an amount in excess of $75,000, including all penalties and attorneys' fees.

    In their Memorandum in Opposition (Rec. Doc. 10), Defendant

argues that removal of the case to this Court is appropriate because it is apparent from the face of Plaintiffs' state court petition that Plaintiffs' claim for damages exceeds the jurisdictional amount in controversy requirement of $75,000. Defendant's determination of the amount in controversy is based on the variety of damages categories asserted by Plaintiffs in their petition and the limits of Plaintiffs' insurance policy. Defendant also states that the stipulation submitted by Plaintiffs is irrelevant because the amount in controversy is apparent from the face of the petition; moreover, the stipulation is ineffective because it is neither binding nor irrevocable.

## DISCUSSION

A motion to remand must be granted "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction . . . ."  28 U.S.C. § 1447© (2010). Generally, the burden of proving that a federal court has subject-matter jurisdiction falls upon the removing party. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). The Fifth Circuit Court of Appeals has explained that the removal statute should be strictly construed.  Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  Any doubt concerning the basis of jurisdiction should be resolved in favor of remand.  Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

In analyzing a motion to remand, "we consider the claims in the state court petition as they existed at the time of removal." Manguno, 276 F.3d at 723. Because Louisiana law prohibits a plaintiff from claiming a specific dollar figure in his petition, LA. CODE CIV. PROC. ANN. art. 893 (2010), the Fifth Circuit has set forth a clear analytical framework for courts to follow when determining the amount in controversy for cases removed from Louisiana state courts. Where a state court petition does not specifically allege an amount of monetary damages, the defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy meets the statutory requirements. De Aquilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993). A defendant may satisfy this burden by either (1) showing that the petition, on its face, makes it clear that the claim is likely to exceed $75,000 or (2) demonstrating facts that support the conclusion that the claim is likely to exceed $75,000. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850 (5th Cir. 1999).

Once a defendant has satisfied its burden, a plaintiff can defeat removal only if he can prove to a legal certainty that his claim is actually for an amount less than $75,000. Grant v. Chevron Phillips Chem. Co., 309 F.3d 864, 869-70 (5th Cir. 2002). One way that a plaintiff can accomplish this is by filing a post-removal stipulation or affidavit. In general, courts evaluate the facts supporting jurisdiction at the time of removal. Gebbia

v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). It follows that "post-removal affidavits, stipulations, and amendments reducing the amount [alleged in the petition] do not deprive the district court of jurisdiction." Id. However, post-removal affidavits may be considered if the basis for jurisdiction is ambiguous at the time of removal. Id. Hence, a post-removal stipulation may be appropriate to determine the amount in controversy for cases removed from Louisiana state courts because of the prohibition in Louisiana law regarding claims for specific dollar amounts in state court petitions.

 The Court finds that it was not facially apparent at the time of removal, as Defendant argues, that the amount in controversy in this case exceeds $75,000 and that ambiguity concerning the amount in controversy should be resolved in favor of remand. In this case, there are no specific claims about the extent of damage to Plaintiffs' property in the state court petition, and Plaintiffs do not assert that they are pursuing the full value of their policy. It is not facially apparent from the petition that Plaintiffs' property damage exceeds $75,000, and Defendant has provided no specific evidence to establish otherwise. Defendant, as the removing party, has not met its burden of proving that the amount in controversy meets the statutory requirement of $75,000.

 This conclusion is especially true in light of the fact that

Plaintiffs have filed a stipulation into the record clarifying that the amount in controversy is less than $75,000.  Even if Defendant met its burden of proving that the statutory amount in controversy under Section 1332 is met, Plaintiffs' stipulation in the record can still defeat removal by proving to a legal certainty that their claim is for an amount less than $75,000. Contrary to Defendant's assertions, Plaintiffs' stipulation is binding.  If Plaintiffs are ultimately awarded an amount in excess of the stipulation amount in state court, and subsequently seek to enforce the judgment for more than $75,000, then Defendant may seek relief from judgment and sanctions against Plaintiffs and their counsel from this Court.  <u>Midkiff v. Hershey Chocolate U.S.A.</u>, No. 98-1137, 1998 WL 419498, at *1 (E.D. La. July 21, 1998).

Accordingly, **IT IS ORDERED** that Plaintiffs' **Motion to Remand (Rec. Doc. 8)** is **GRANTED**, and the case is **REMANDED** to the court from which it was removed.

New Orleans, Louisiana, this 11th day of January, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE